# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

|                                   |     |                        |
|-----------------------------------|-----|------------------------|
| UNITED STATES OF AMERICA,         | )   |                        |
|                                   | )   |                        |
| Plaintiff,                        | )   |                        |
|                                   | )   |                        |
| vs.                               | )   | No. 6:25-cr-03076-RK   |
|                                   | )   |                        |
| DAVID WILLIAM PLATEK,             | )   |                        |
|                                   | )   |                        |
| Defendant.                        | )   |                        |

## DEFENDANT PLATEK'S NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that Defendant David Platek, by and through his undersigned counsels of record, Rebecca M. Abel and James S. Threatt, moves to dismiss the Indictment.

This motion is based upon the attached Memorandum of Points and Authorities, the appended exhibits, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................1

FACTUAL BACKGROUND ...............................................................2

ARGUMENT ......................................................................................7

A.   THE CALIFORNIA COURT'S DISMISSAL WITH PREJUDICE
     NECESSITATES THIS COURT'S DISMISSAL OF THE MISSOURI
     INDICTMENT WITH PREJUDICE.............................................7

B.   THE SPEEDY TRIAL ACT AND MR. PLATEK'S SIXTH
     AMENDMENT RIGHT TO SPEEDY TRIAL HAVE BEEN
     VIOLATED. ...............................................................................15

     a.   Mr. Platek was not brought to trial within 70 days of the
          indictment in violation of the Speedy Trial Act.................15

     b.   Mr. Platek's Sixth Amendment right to speedy trial was violated. ....19

CONCLUSION ..................................................................................20

**Cases**

*Arizona v. California,*
    460 U.S. 605 (1983) ................................................................................... 11

*Ashe v. Swenson,*
    397 U.S. 436 (1970) ................................................................................... 13

*Barker v. Wingo,*
    407 U.S. 514 (1972) ................................................................................... 20

*Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800 (1988) ................................................................................... 11

*Hanson v. United States,*
    285 F.2d 27 (9th Cir. 1960) ........................................................................ 5

*Rinaldi v. United States,*
    434 U.S. 22 (1977) (per curiam) ................................................................ 8

*United States v. Abouammo,*
    122 F.4th 1072 (9th Cir. 2024) ................................................................ 14

*United States v. Ammidown,*
    497 F.2d 615 (D.C. Cir. 1973) ................................................................ 14

*United States v. Barraza-Lopez,*
    659 F.3d 1216 (9th Cir. 2011) ................................................................ 10

*United States v. Bartsh,*
    69 F.3d 864 (8th Cir. 1995) ...................................................................... 11

*United States v. Bearden,*
    265 F.3d 732 (8th Cir. 2001) .................................................................... 13

*United States v. Becerra,*
    435 F.3d 931 (8th Cir. 2006) .................................................................... 19

*United States v. Bernard,*
    42 F.4th 905 (8th Cir. 2022) ...................................................................... 8

*United States v. Bernhard Eugen Fritsch,*
    Case No. 2:17-CR-520-DSF (C.D. Cal.) ...................................................... 3

*United States v. Blackwell,*
    900 F.2d 742 (4th Cir. 1990) ...................................................... 13

*United States v. Brown,*
    183 F.3d 1306 (11th Cir. 1999) ...................................................... 10

*United States v. Cejas,*
    817 F.2d 595 (9th Cir. 1987) ...................................................... 13

*United States v. Chases,*
    558 F.2d 912 (9th Cir. 1977) ...................................................... 10

*United States v. Duranseau,*
    26 F.3d 804 (8th Cir. 1994) ...................................................... 16

*United States v. Elmardoudi,*
    501 F.3d 935 (8th Cir. 2007) ...................................................... 21

*United States v. Erenas-Luna,*
    560 F.3d 772 (8th Cir. 2009) ...................................................... 20

*United States v. Feldhacker,*
    849 F.2d 293 (8th Cir. 1988) ...................................................... 11

*United States v. Hoslett,*
    998 F.2d 648 (9th Cir. 1993) ...................................................... 17

*United States v. Jacobo-Zavala,*
    241 F.3d 1009 (8th Cir. 2001) ...................................................... 8

*United States v. Jeanetta,*
    533 F.3d 651 (8th Cir.) ...................................................... 20

*United States v. Leone,*
    823 F.2d 246 (8th Cir. 1987) ...................................................... 16

*United States v. Madzarac,*
    678 F. Supp. 3d 42 (D.D.C. 2023) ...................................................... 15

*United States v. May,*
    771 F.2d 980 (6th Cir. 1985) ...................................................... 10

*United States v. Morrissey*,
  895 F.3d 541 (8th Cir. 2018) ....................................................................... 5

*United States v. Omni Consortium, Inc.*,
  525 F. Supp. 2d 808 (W.D. Tex. 2007)....................................................... 15

*United States v. Oppenheimer*,
  242 U.S. 85 (1916)....................................................................................... 12

*United States v. Platek*,
  Case No. 2:25-cr-00061-HDV-1 (C.D. Cal.) ....................................... *passim*

*United States v. Platek*,
  Case No. 2:25-mj-04614 (C.D. Cal.) ......................................................... 18

*United States v. Platek*,
  Case No. 6:25-mj-02001-DPR (W.D. Mo.)...................................... 3, 7, 17

*United States v. Poindexter*,
  719 F. Supp. 6 (D.D.C. 1989) .................................................................... 12

*United States v. Rojas–Contreras*,
  474 U.S. 231 (1985)..................................................................................... 17

*United States v. Rupp*,
  994 F.3d 946 (8th Cir. 2021) ............................................................... 11, 13

*United States v. Salinas*,
  693 F. 2d 348 (5th Cir. 1982) ....................................................... 12, 14, 15

*United States v. Taylor*,
  487 U.S. 326 (1988)................................................................................. 9, 10

*United States v. Williams*,
  408 F.3d 1073 (8th Cir. 2005) ................................................................... 17

*Woodring v. United States*,
  311 F.2d 417 (8th Cir. 1963) ....................................................................... 9

*Zedner v. United States*,
  547 U.S. 489 (2006)..................................................................................... 16

**Statutes**

18 U.S.C. § 875(c)...................................................................................... *passim*

18 U.S.C. § 3161(c)(i) ............................................................................... 16

18 U.S.C. § 3161(h)(5) ............................................................................. 16

18 U.S.C. § 3162(a)(2) ............................................................................. 18

Speedy Trial Act ................................................................................. *passim*

**Other Authorities**

Due Process Clause ............................................................................ *passim*

Federal Rule of Criminal Procedure 48(a) ........................................ *passim*

U.S. Const. Amend. II ................................................................................ 5

U.S. Const. Amend. V .................................................................... 1, 12, 15

U.S. Const. Amend. VI ............................................................................. 19

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case has already been dismissed with prejudice.   This action was initially filed in the Central District of California.   It was dismissed by the district court with prejudice due to the government's misconduct.   The California court found that in refiling the action in the Western District of Missouri, the government engaged in prosecutorial harassment, gamesmanship, forum shopping, and a disregard for Defendant David Platek's speedy trial rights.   The misconduct was "significant and warrant[ed] serious consideration."   (Ex. D at 3.)   Forcing him to face the same charges in this District "unlawfully prejudiced" Mr. Platek.   (*Id.*)   Nonetheless, the government maintained this refiled action, dragging Mr. Platek back from California to Missouri.

The defense now asks this Court to do what the government should have: dismiss this action with prejudice.   As the California Court explained, it's "dismissal with prejudice [wa]s intended to apply as a final determination on the merits for purposes of res judicata to the maximum extent allowable by law. Anything less would reward the gamesmanship and forum shopping that the Court finds is ultimately motivating the government's dismissal and unlawfully prejudice a Defendant that was well within his rights to demand a trial on these same issues several weeks ago."   (Ex. G at 3.)

The government's actions in maintaining this action after it had been dismissed with prejudice violate Federal Rule of Criminal Procedure 48(a), the Due Process Clause, the Fifth Amendment, the law of the case, and Mr. Platek's common law rights to estoppel.   This Court has authority to dismiss the Indictment under these provisions as well as its inherent supervisory authority.

In addition, the Indictment must be dismissed because the government violated Mr. Platek's rights under the Speedy Trial Act and the Sixth Amendment right to a speedy trial.   In filing and refiling this action, the government has not brought Mr. Platek to trial in 70 days since his initial Indictment.   This is a blatant violation of the Speedy

1

Trial Act, warranting dismissal with prejudice. Moreover, due to the government's refiling, this action will have been pending for over a year at the time of trial, despite the fact that the parties and the Court were ready for trial over 6 months ago. Thus, Mr. Platek's Sixth Amendment right to a speedy trial has also been violated, also warranting dismissal with prejudice.

Due to the numerous constitutional, statutory, and common law violation, this action must be finally dismissed with prejudice, such that the government can no longer harass Mr. Platek by refiling it a *third* time.

## FACTUAL BACKGROUND

On December 23, 2024, Magistrate Judge Pedro V. Castillo of the Central District of California issued a complaint and arrest warrant for Defendant David Platek for sending text threats via his cell phone to a friend, Mr. Daniel Serber, over a 10-day period from December 7, 2024 to December 16, 2024. (Ex. A.) The threats consist primarily of text messages sent between Mr. Platek and Mr. Serber and concern the alleged victim, the elected San Luis Obispo County District Attorney, who is located in the Central District of California, and who wrongfully prosecuted Mr. Platek for identity theft in 2019. (*Id.* ¶¶ 6-7.) The DA dismissed the charges against Mr. Platek in 2022. (*Id.* ¶ 7.) In addition to the text messages, the complaint identifies a single, public retweet, dated December 11, 2024, of a pro-2nd Amendment post by the DA, where Mr. Platek's profile picture was the Mario Brothers' character, Luigi. (*Id.* ¶¶ 15-27.)

On January 2, 2025, pursuant to an arrest warrant issued in the Central District of California, Mr. Platek was arrested while walking his dog outside of his apartment in Springfield, Missouri. *United States v. Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 7 (C.D. Cal.).

On January 7, 2025, Mr. Platek had an initial appearance before the Magistrate Judge in the Western District of Missouri. *United States v. Platek*, Case No. 6:25-mj-02001-DPR (W.D. Mo. Jan. 7, 2025). He was ordered detained and "ordered removed

to the Central District of California," the "charging district." (*Id.*, Dkt. Nos. 3, 7.) It took the U.S. Marshals seventeen days to transfer Mr. Platek to the Central District of California. He had his initial appearance in the Central District of California on January 24, 2025, and on January 29, 2025, he was ordered permanently detained. *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. Nos. 9, 16 (C.D. Cal.).

On January 28, 2025, the U.S. Attorney's office in the Central District of California sought, and the grand jury in that District returned, an indictment charging Mr. Platek threats by interstate communication under 18 U.S.C. § 875(c). (Ex. B.) The Indictment describes the identical texts sent from Mr. Platek to Mr. Serber that are found in the California complaint as well as the retweet that Mr. Platek sent to Mr. Serber concerning the SLO DA, dated December 9, 11, and 16, 2024. (*Id.*)

On February 18, 2025, Mr. Platek entered a not guilty plea to the charges and trial was set for March 25, 2025. *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 19 (C.D. Cal.). Unfortunately, defense counsel DFPD Jimmy Threatt was unavailable for trial on that date due to a three-week trial in *United States v. Bernhard Eugen Fritsch*, Case No. 2:17-CR-520-DSF (C.D. Cal.), which was set to begin on March 18, 2025. (Dkt. No. 22 at 2.) The trial in *Fritsch* began on March 18, 2025 and continued through April 3, 2025. *Fritsch*, Case No. 2:17-CR-520-DSF, Dkt. No. 516. Based solely on defense counsel's scheduling conflict, and thus Mr. Threatt's inability to prepare for and try this case on the first setting, Mr. Platek agreed to continue his trial date to May 20, 2025. On March 11, 2025, the Court in the Central District of California continued the trial date from March 25, 2025 to June 3, 2025. *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 25 (C.D. Cal.).

On May 1, 2025, 33 days before trial and on the day motions were due, the government moved to dismiss the case pending in the Central District of California without prejudice. *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 31 (C.D. Cal.). On the same date, the government in the Western District of Missouri filed a criminal

complaint and arrest warrant against Mr. Platek. (Ex. H, Dkt No 1.) Other than its author, Special Agent Cameron Heath, and a single page concerning venue, that complaint is identical to the one filed in the Central District of California. (*Compare* Ex. A *with* Ex. H.) The only information added to the Western District of Missouri complaint states:

> On January 28, 2025, a federal grand jury in the Central District of California indicted PLATEK in a one count indictment charging a violation of Title 18, United States Code, Section 875(c) for the December 11, 2024, communication. The case is currently set for trial in the Central District of California in June of 2025. The Central District of California, however, cannot charge the additional threating communications made by PLATEK to Person 1, therefore the Western District of Missouri is filing this complaint in preparation to more fully account for PLATEK's conduct for the entirety of his actions in the Western District of Missouri. If the Court signs the complaint documents, it is the intent of the Central District of California to dismiss the indictment pending currently against [sic] PLATEK.

(Ex. H ¶ 42 (footnote omitted).) The facts and evidence underlying the Western District of Missouri complaint are identical to those charged in the Central District of California. (*Compare* Ex. A *with* Ex. H.) The "additional threatening communications made by PLATEK to [Mr. Serber]" are all included within the messages outlined in the identical complaints. (Ex. H ¶ 42.) The only reason that the government believes it was unable to charge these messages in the Central District of California was due to the government's unfounded concern that it lacks venue over those communications—they were sent from a cell phone located in Missouri to a cell phone located in either California or Connecticut. (Ex. A ¶ 39; Ex. H ¶ 38.) All the potentially chargeable messages concern the same "victim," who is located in the Central District of California. (Ex. H ¶ 5.)

On May 1, 2025, the same day the Missouri complaint was filed, defense counsel informed the AUSAs in California that the defense was willing to waive any objections to venue in order to proceed to trial in the Central District of California on the current date. Mr. Platek filed a declaration signed under penalty of perjury waiving any right he

may have to challenge venue as to the charges filed in the Missouri Indictment. (Ex. J.)
As the defense informed the government, the defense may waive his right to trial in a
particular venue, and Mr. Platek expressly did so. *See United States v. Morrissey*, 895
F.3d 541, 551 (8th Cir. 2018); *see also Hanson v. United States*, 285 F.2d 27, 28 (9th Cir.
1960) ("[W]e see no reason why an accused may not intelligently, and when represented
by counsel, consent to waive his right to a trial in a certain area . . . ."). The government
refused to accept the waiver of venue and insisted on moving to dismiss the case in the
Central District of California and recharging it in the Western District of Missouri.

On May 14, 2025, the U.S. Attorney's office in the Western District of Missouri
sought, and the grand jury in this District returned, an indictment charging Mr. Platek
with four counts of threat by interstate communication under 18 U.S.C. § 875(c). (Ex. I,
Dkt. No. 8.) All four counts concern texts sent by Mr. Platek to Mr. Serber concerning
the SLO DA, dated December 9, 10, 11, and 16, 2025. (*Id.*) Count Three also concerns
Mr. Platek's retweet of the SLO DA's public post concerning the Second Amendment,
dated December 11, 2024. (*Id.* at 2.)

In California, the defense opposed the government's motion to dismiss the case
without prejudice, raising among other thing speedy trial concerns. *Platek*, Case No.
2:25-cr-00061-HDV-1, Dkt. No. 34 (C.D. Cal.). The Court—the Honorable Hernan D.
Vera—held a hearing on the government's motion to dismiss on May 22, 2025. (Ex. C.)
The Court repeatedly stated it was "troubled by" the government's refiling of the action
in Missouri. (*Id.* at 4, 5.) It asked, and the government ultimately confirmed, that "the
action initially [could] have been filed in Missouri." (*Id.* at 5-7.)

On June 27, 2025, the California Court denied the government's motion to dismiss
without prejudice. (Ex. D.) Addressing the standard for dismissal under Federal Rule
of Criminal Procedure 48(a), the Court found that the government's "decision to bring
new charges in Missouri constitutes prosecutorial harassment." (*Id.* at 1.) It found that
the government "created the risk of parallel proceedings by filing a criminal complaint in

the Western District of Missouri, despite a case involving the same charges and underlying facts already pending in this district." (*Id.* at 2.) Because the government could have initially filed the action in Missouri, but instead filed it in California where it was pending for at that point five months, allowing the government to "refile the same charges in another district" "constitutes prosecutorial harassment, as it places the defendant at risk of facing charges in one district, only to have the case dismissed and refiled in another." (*Id.* at 2.) The Court was also "troubled by the potential tactical advantage the Government may gain by dismissing without prejudice," and the deprivation of Mr. Platek's "rights under the Speedy Trial Act," and "the appearance of forum shopping, with the Government seeking a potentially more favorable venue for the adjudication of Defendant's case." (*Id.*) The Court found these concerns "significant and warrant serious consideration." (*Id.*) The Court gave the government five days to either proceed to trial or to "dismiss the complaint and indictment with prejudice." (*Id.*)

On June 1, 2025, the government moved to dismiss the California Indictment with prejudice. *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 50 (C.D. Cal.). Despite the California Court's concerns, the government refused to dismiss the Missouri action. For that reason, the defense opposed the motion to dismiss with prejudice. *Id.*, Dkt. No. 52. On June 23, 2025, the California Court held a hearing on the government's motion to dismiss with prejudice. (Ex. F.) Judge Vera ordered the government to notify this Court that the California Court was "fully prepared to try the case" "immediately" including all of the allegations in the identical complaints. (*Id.* at 4-5; *see also* Ex. E.) On July 14, 2025, this Court—Magistrate Judge Willie J. Epps—denied the defense's motion to transfer venue of the Missouri Indictment to the Central District of California. (Dkt. No. 22.)

On July 22, 2025, the California Court issued a written opinion granting the government's motion to dismiss the California Indictment and Complaint with prejudice. (Ex. G.) In its order, the Court stated the "present dismissal with prejudice is intended to

apply as a final determination on the merits for purposes of res judicata to the maximum extent allowable by law." (*Id.* at 2.) The Court explained the reasons for this clarification. "Anything less would reward the gamesmanship and forum shopping that the Court finds is ultimately motivating the government's dismissal and unlawfully prejudice a Defendant that was well within his rights to demand a trial on these same issues several weeks ago." (*Id.*)

After dismissal of the California case with prejudice, the government continued to prosecute this parallel action against Mr. Platek. Mr. Platek was not released from custody. On July 24, 2025, Mr. Platek was rearrested on the Missouri Indictment, and he was transferred from federal custody in Los Angeles to federal custody in Springfield. (Dkt. No. 29 at 2, 20.) On August 28, 2025, Mr. Platek made his initial appearance on the Missouri Indictment in Springfield. (Dkt. No. 36.) He was ordered detained, and has been held in continuous custody since January 2, 2025 on the same charges. *See United States v. Platek*, Case No. 6:25-mj-02001-DPR, Dkt. Nos. 3, 7 (W.D. Mo. Jan. 7, 2025).

In accordance with the California Court's multiple opinions, the defense now moves to dismiss the parallel action filed in this District with prejudice.

## ARGUMENT

### A. The California court's dismissal with prejudice necessitates this Court's dismissal of the Missouri Indictment with prejudice.

This case has already been dismissed with prejudice. (Ex. G.) The basis for the dismissal was the Court's express finding that the government engaged in prosecutorial harassment, gamesmanship, and forum shopping in violation of Federal Rule of Criminal Procedure 48(a). (*Id.* at 2; Ex. D at 1.) The court found that the government engaged in prosecutorial harassment by "charging, dismissing, and recharging . . . over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam). The government's refiling of the case in the Western District of Missouri

violates Rule 48(a) and the Due Process Clause, and permits the government to continue its harassment, gamesmanship, and forum shopping in the express manner the rule—and a dismissal with prejudice—was designed to prevent. This Court must likewise dismiss this case pursuant to the Due Process Clause and its inherent supervisory authority.

Pursuant to Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Congress and the Supreme Court conditioned the government's right to dismiss a case upon its obtaining "leave of court." *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) (quoting *Rinaldi*, 434 U.S. at 29 n.15). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Id.* (quoting *Rinaldi*, 434 U.S. at 29 n.15); *see also United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022) (describing that courts can exercise their discretion to dismiss "when there has been prosecutorial harassment, including a pattern of charging, dismissing, and recharging the defendant" (internal quotations omitted)).

In this case, the California Court has already expressly found that the government engaged in "prosecutorial harassment" by dismissing the California case and refiling it in Missouri. (Ex. D at 1.) To prevent continued harassment of the defendant, the California Court dismissed the case with prejudice. (*Id.* at 2; Ex. G at 2.) Continued prosecution of the refiled case in Missouri—which the government and California Court described as the "parallel proceeding"—defies the California Court's dismissal with prejudice and continues the harassment of the Defendant, which the dismissal with prejudice was designed to prevent. (Ex. D at 2.) The government's prosecution in Missouri continues all of the harm the California Court sought to avoid: restarting Mr. Platek's speedy trial clock, harassing Mr. Platek by continuing to prosecute a case based on the "same charges and underlying facts"; allowing the government to benefit from the "tactical advantage" of proceeding in a more favorable venue; and allowing the

government to forum shop.   (*Id.* at 1-2.)   "The purpose of Rule 48(a) is to protect a defendant from harassment by the government through charging, dismissing and then re-charging without placing a defendant in jeopardy."   *Woodring v. United States*, 311 F.2d 417, 424 (8th Cir. 1963).   The government has violated that purpose by refiling and maintaining the prosecution in this District.   This has caused Mr. Platek substantial prejudice, as the California court already found: restarting of his speedy trial clock on the eve of his trial date, continued detention for nearly 12 months, facing a greater number of charges in the Indictment based on the same conduct, and having to defend the case twice with the second time in a less favorable forum.   Where, as here, the court has dismissed the action with prejudice, and the government nonetheless maintains a parallel action based on the same facts and charges, it has violated Rule 48(a) and the Due Process Clause.   *See id.* (holding that the defendant is prejudiced if after a dismissal with prejudice under Rule 48(a), the defendant "was subsequently reindicted for the same charge"); *United States v. Taylor*, 487 U.S. 326, 343 (1988) (holding "dismiss[al] with prejudice" "bar[s] reprosecution"); *United States v. Barraza-Lopez*, 659 F.3d 1216, 1222 (9th Cir. 2011) ("dismissal with prejudice allows a district court to prevent reindictment" to "curb abusive behavior").

There can be no question that the California action and this action are one and the same.   The government described this action as a "parallel criminal proceeding" to the California action, charging "the same offense for which the defendant ha[d] been indicted in the [California] matter."   (Ex. K.)   The cases are based on identical facts; the complaints in both cases are virtually identical.   (Exs. A, H.)   The complaints in both cases charged the exact same offense, violation of 18 U.S.C. § 875(c).   (Exs. A at 2, H at 2.)   The California Court dismissed both the Complaint and the Indictment in California with prejudice.   (Ex. G at 3.)   A dismissal of a complaint with prejudice bars reprosecution of all charges based on the statutory violation cited in the complaint—here, 18 U.S.C. § 875(c)—and based on the identical factual allegations in the complaint.   *See*

*Taylor*, 487 U.S. at 343; *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999) (describing "[t]he general rule that a defendant may be reprosecuted on charges dismissed without prejudice," and "the rule that a defendant may not be reindicted and tried on charges dismissed with prejudice"); *United States v. Chases*, 558 F.2d 912, 914 (9th Cir. 1977) ("[T]he dismissal with prejudice of all other conspiracy charges leveled against Chases effectively eliminated any danger or risk of successive prosecutions for the same crime."); *United States v. May*, 771 F.2d 980, 983 n.3 (6th Cir. 1985) (noting charging discretion can "be abused by a prosecutor continually dismissing prior complaints," but "[s]uch abuse . . . can be remedied by the district court's dismissing of the complaint with prejudice").

Dismissal is also warranted because the decision by the California Court is "law of the case," and the government is not now permitted to relitigate the issues fully decided by the California court, for which it already had the opportunity to litigate. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "[T]he doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions," and "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). Because the government did not appeal the dismissal with prejudice, the California Court's factual and legal findings that the government engaged in prosecutorial misconduct in initiating and maintaining this action, and that the government's misconduct prejudiced Mr. Platek, are final decisions that should govern the outcome here. (Exs. D, G.) Given these findings, dismissal is warranted. *See*

*United States v. Feldhacker*, 849 F.2d 293, 295 (8th Cir. 1988); *see also United States v. Rupp*, 994 F.3d 946, 950 (8th Cir. 2021).

As explained in *Feldhacker*, where, as here, the court has already found that there has been "prosecutorial abuse," then a defendant "obtains immunity from prosecution." 849 F.2d at 295.   Such immunity applies to all acts described in the complaint and indictment because "the prosecution has previously dismissed an indictment which described the criminal acts at issue."   *Id.*   The subsequent prosecution in this district is also barred because there has been no "change in circumstances that justifies reindictment after a dismissal under Rule 48(a)."   *Id.*   To the contrary, the government admitted that all charges against Mr. Platek could always have been filed in Missouri.   (Ex. C at 5-7.) Having chosen to initially file the action in California and then dismissing that action against Mr. Platek *with prejudice*, the government cannot now refile the action in another federal forum.   *See United States v. Poindexter*, 719 F. Supp. 6, 11 (D.D.C. 1989) (citing *United States v. Salinas*, 693 F. 2d 348, 353 (5th Cir. 1982) ("[T]he government c[an] not validly use Rule 48(a) to gain a position of advantage, or to escape from a position of less advantage in which it found itself as a result of its own election.").

Likewise, collateral estoppel and res judicata prevent the government from maintaining this action under the Fifth Amendment, the Due Process Clause, and the common law.   *See United States v. Oppenheimer*, 242 U.S. 85, 87-88 (1916).   Applying res judicata, the court's dismissal of this action with prejudice based on the government's misconduct precludes the government from maintaining the Missouri action.   In its order, the California Court held that its "present dismissal with prejudice is intended to apply as a final determination on the merits for purposes of res judicata to the maximum extent allowable by law."   (Ex. G at 2.)   The law mandates dismissal.   In *Oppenheimer*, the Supreme Court found the defendant's indictment to be precluded because an earlier indictment for the same offense had been held on a pretrial motion to dismiss to be barred by a statute of limitations.   242 U.S. 85.   Justice Holmes wrote for the Court:

11

It cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered after a verdict than if entered by the government's consent before a jury is empaneled; or that it is conclusive if entered upon the general issue, but if upon a special plea of the statute, permits the defendant to be prosecuted again. We do not suppose that it would be doubted that a judgment upon a demurrer to the merits would be a bar to a second indictment in the same words. . . . Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, the adjudication . . . is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offense.

*Id.* at 87-88. Following *Oppenheimer*, multiple circuit courts have held that where, as here, a district court in one district dismisses a case with prejudice, the action cannot be maintained in any other district court because it is barred by res judicata. *See, e.g.*, *United States v. Cejas*, 817 F.2d 595, 600 (9th Cir. 1987) (affirming dismissal of Arizona indictment with prejudice "because it charges the same conspiracy for which Cejas was convicted in Florida" and concluding it "was a final decision on the merits" and "was res judicata as to any further proceedings against Cejas on that indictment" and "the Government could not have merely excised the overlapping overt acts from the indictment and proceeded with that indictment against Cejas"); *United States v. Blackwell*, 900 F.2d 742, 745 (4th Cir. 1990) ("The doctrine of res judicata does, of course, bar the government from subjecting the appellants to prosecution [in North Carolina] for the conspiracy alleged in the Kentucky indictment," which was dismissed by the government with prejudice.).

Applying collateral estoppel produces the same result. Once an issue has been determined by a valid and final judgment in a prior legal proceeding, collateral estoppel prevents that issue from being litigated again between the same parties in a future lawsuit. *United States v. Bearden*, 265 F.3d 732, 735 (8th Cir. 2001) (citing *Ashe v. Swenson*, 397 U.S. 436, 445 (1970)). "[T]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." *Ashe*, 397 U.S. at 444. After the same

parties present here litigated the issue in nine briefs and two oral arguments, the California Court held that the government engaged in multiple forms of misconduct: prosecutorial harassment, gamesmanship, forum shopping. (Exs. C-G; *see* Ex. G at 3.) It further held that the government's conduct "unlawfully prejudice[d]" Mr. Platek. (Ex. G at 3.) These issues were fully and actually litigated before the California Court, and the Court found in favor of the defense. Accordingly, this Court must find that the government engaged in misconduct in filing and maintaining this action and that the government's conduct unlawfully prejudiced Mr. Platek, necessitating dismissal. *See Rupp*, 994 F.3d at 950.

The government may argue, as it did to the California Court, that refiling was necessary because the government lacked venue over some of the text messages in the Central District of California. This argument is meritless for three reasons. ***First***, as a matter of law, the government's legal contention regarding venue is erroneous. The California Court had venue over all of the counts in the Missouri Indictment because the victim was located in that district. *See United States v. Abouammo*, 122 F.4th 1072, 1092 (9th Cir. 2024) (holding venue was proper in the district where the victim was located because "the contemplated effects are part of the 'essential conduct' of the offense for venue purposes"). The government does not get to file and refile the same action against Mr. Platek because of its imagined argument that it lacks venue. ***Second***, the venue claim is a red herring. Mr. Platek agreed—in a sworn statement filed under penalty of perjury with the Court—to waive any theoretical objections to venue. (Ex. J.) He was ready to proceed to trial in California—the government's initially chosen forum—on all charges arising out of the identical complaints. *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 43 (C.D. Cal.). ***Finally***, an allegedly erroneous venue is not a basis to refile and maintain an action after it has been dismissed with prejudice. As multiple circuits have held: "[P]rosecutorial harassment involves charging, dismissing, and subsequently commencing another prosecution at a different time ***or place*** deemed

more favorable to the prosecution." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982) (emphasis added); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (same).   Holding Mr. Platek in custody for 12 months and forcing Mr. Platek to litigate the effect of the California Court's dismissal with prejudice by dragging him back to Missouri to face identical charges he faced in California creates and maintains the harm Rule 48(a) expressly intended to avoid.   As the California court held:

> At the hearing, the Government conceded that the U.S. Attorney in Missouri could have initiated the prosecution at the outset. Instead, the Government elected to bring charges in the Central District of California, where the victim resides, and where the case has been pending for at least five months. Having made that choice, the Government should not now be permitted to refile the same charges in another district.   This conduct constitutes prosecutorial harassment, as it places the defendant at risk of facing charges in one district, only to have the case dismissed and refiled in another.

(Ex. D at 3.)   Numerous district courts have similarly held that refiling in these circumstances is improper.   *See, e.g.*, *United States v. Madzarac*, 678 F. Supp. 3d 42, 50 (D.D.C. 2023) (dismissing an indictment with prejudice charging threats to kill foreign officials and rejecting the government's argument that "dismissal without prejudice is necessary to maintain the 'ability to bring the case in another jurisdiction where venue lies'"); *id.* at 51 ("By allowing the government to reindict in another district, the Court would be permitting the same kind of escape from a voluntarily chosen disadvantage at trial that courts have barred in the past."); *United States v. Omni Consortium, Inc.*, 525 F. Supp. 2d 808, 814 (W.D. Tex. 2007) (dismissing with prejudice and "refus[ing] to" allow the government "to further prosecute Defendant Sotelo in the Southern District of Texas" "where venue lies" because "[w]ere the Court to allow the Government to engage in such conduct, the Court would be sanctioning the Fifth Circuit's own definition of prosecutorial harassment as outlined in *Salinas*" (citing *Salinas*, 693 F.2d at 350-51)).

For the reasons outlined above, the Missouri case must be dismissed against Mr. Platek because the government violated Rule 48(a), the Due Process Clause, the Fifth Amendment, the law of the case, and Mr. Platek's common law rights to estoppel.   This

Court has authority to dismiss under these provisions as well as its inherent supervisory authority.

## B. The Speedy Trial Act and Mr. Platek's Sixth Amendment right to speedy trial have been violated.

The case must also be dismissed because Mr. Platek's rights under the Speedy Trial Act and the Sixth Amendment right to a speedy trial have been violated.

### a. Mr. Platek was not brought to trial within 70 days of the indictment in violation of the Speedy Trial Act.

Under the Speedy Trial Act, a trial must "begin within 70 days of the filing of an information or indictment or the defendant's initial appearance[,]" whichever is later. *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(c)(i)). Where, as here, the government moves to dismiss the indictment and then refiles a second indictment alleging the same charges, the government does not get a new seventy-day clock. *See United States v. Leone*, 823 F.2d 246, 248 (8th Cir. 1987) ("[W]here an indictment is dismissed on the government's motion and a defendant is later reindicted, the seventy-day period continues to run from the first indictment."); *United States v. Duranseau*, 26 F.3d 804, 808 (8th Cir. 1994) ("The government erroneously excluded the forty non-excludable days expended pursuant to the Michigan indictment when it calculated the total number of non-excludable speedy trial days under the first Iowa indictment."). As explained in the Speedy Trial Act, "[i]f the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense," then exclude from the time computation "any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge." 18 U.S.C. § 3161(h)(5).

In other words, "[w]hen some or all of the counts of an indictment are dismissed upon government motion and the government thereafter files a new indictment for the same conduct, the seventy day clock is deemed to run from the date it commenced with respect to the original indictment until the date of dismissal, subject to any statutory exclusions. The speedy trial clock resumes running at the time the new indictment is filed or when the defendant makes a new appearance in connection with the charges contained in the new indictment." *United States v. Hoslet*t, 998 F.2d 648, 658 (9th Cir. 1993) (citations omitted); *see United States v. Williams*, 408 F.3d 1073, 1076–77 (8th Cir. 2005) (In "our circuit, where the indictment is dismissed on the government's motion, the time limitation is merely tolled during the period when no indictment or information is outstanding." (internal quotations and alteration omitted)). "The reason for this rule is obvious. If the clock began anew, the government could circumvent the limitations of the Speedy Trial Act by repeatedly dismissing and refiling charges against a defendant." *Hoslett*, 998 F.2d at 658, n.12 (citing *United States v. Rojas–Contreras*, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring)). Applying this rule here, Mr. Platek's right to a trial within 70 days was violated.

Mr. Platek was first arrested on January 2, 2025 and brought for an initial appearance in the Western District of Missouri on January 7, 2025 a complaint and arrest warrant from the Central District of California. *United States v. Platek*, Case No. 6:25-mj-02001-DPR (W.D. Mo.). He made his initial appearance in California on that complaint on January 24, 2025. *United States v. Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 9 (C.D. Cal.). The California Indictment issued on January 28, 2025. Ex. B, *id.*, Dkt. No. 12. The speedy trial clock ran until March 11, 2025, when the parties stipulated to exclude the period from March 11 to May 20 from the clock. *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. Nos. 22, 25. The government moved to dismiss the California case, initially without prejudice, on May 1, 2025. (Ex. K.) That motion was pending until the Court denied it on May 27, 2025. (Ex. D.) Nothing was pending until

June 1, 2025, when the government filed its motion to dismiss the California case with prejudice.   *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 50.   The California court granted that motion on July 22, 2025 (Ex. G), and a Judgment of Discharge was entered on July 23, 2025.   *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. No. 69.   Based on the procedural history, at the very least, 42 days of the speedy trial clock elapsed while the California case was pending.[1]

Meanwhile, the complaint in the Missouri action was filed May 1, 2025 (Dkt. No. 1), and the Indictment was filed on May 14, 2025 (Dkt. No. 8).   Mr. Platek made an initial appearance on this Indictment in California on July 24, 2025, and was ordered detained and transferred to Missouri.   *United States v. Platek*, Case No. 2:25-mj-04614, Dkt. Nos. 5, 11, 12 (C.D. Cal.).   Mr. Platek made his initial appearance in Missouri on the Missouri Indictment on August 25, 2025.   (Dkt. No. 36.)   On September 16, 2025, the Court granted, on the same day it was filed, a continuance of the trial date from October 1, 2025 to December 1, 2025.   (Dkt. Nos. 39, 40.)   The trial has since been continued to the February 9, 2026 criminal trial docket.   (Dkt. No. 56.)   Based on the procedural history, 37 days from August 25. 2025 to October 1, 2025 of Mr. Platek's speedy trial clock elapsed while the Missouri case has been pending.

Because more than 70 days—namely, at a minimum, 79 days—have elapsed while the two actions were pending, the Speedy Trial Act has been violated.   The Missouri action pending against Mr. Platek must be dismissed.   *See* 18 U.S.C. § 3162(a)(2).

The Missouri action must be dismissed with prejudice.   "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration

---

[1] This is a very conservative estimate.   The defense contends that at a minimum (1) the five days between the government's two motions to dismiss—May 27, 2025 to June 1, 2025—and (2) the one day between the date the dismissal with prejudice was granted and the judgment of discharge was entered, should both be counted.   This results in 48 days of the speedy trial clock elapsing during the California case.

of this chapter and on the administration of justice." *Id.* First, the offense is not very serious. The statutory maximum sentence for a violation of 18 U.S.C. § 875(c) is five years, indicating it is substantially less serious than most federal offenses. There is no financial loss. No one was injured. The charged communications were not seen by the alleged victim until after the investigation began. Mr. Platek has no other criminal convictions of any kind. More importantly, the circumstances that led to the dismissal and the impact of reprosecution strongly favor dismissal with prejudice. The government has acted in bad faith in dismissing and reindicting Mr. Platek—actions which have already been found to be harassment, gamesmanship, and forum shopping— then, it blatantly violated his speedy trial rights. "[T]he government made a voluntary decision to delay the trial beyond the time limits of the Act in order to seek a strategic or tactical advantage," namely, refiling of the action in Missouri to obtain a preferred forum. *United States v. Becerra*, 435 F.3d 931, 935 (8th Cir. 2006). The government has no excuse for ignoring Mr. Platek's rights under the Speedy Trial Act, as the California Court put it on notice that its misconduct could—and did—result in a violation of his rights under the Act. (Ex. D ("The refiling of the case in another district may deprive Defendant of his rights under the Speedy Trial Act.").) *See Becerra*, 435 F.3d at 935 (finding it relevant in affirming dismissal with prejudice that the government "was on notice" that the actions it took could violate the Act). Moreover, the reprosecution has prejudiced Mr. Platek: he was transferred to and from Missouri to California twice due to the government's refiling resulting in nearly one year of detention, his attorney-client relationship was disrupted, and he now faces four counts instead of one. For all of these reasons, the government should not be permitted to file this action for a *third* time. Dismissal with prejudice is required.

### b. Mr. Platek's Sixth Amendment right to speedy trial was violated.

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. "The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Erenas-Luna*, 560 F.3d 772, 776 (8th Cir. 2009). When a delay has occurred, the Court analyzes four factors outlined in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether a defendant has been deprived of his due process right to a speedy trial. *Id.* These factors include: (1) the length of the delay; (2) the reason for the delay; (3) when the defendant asserted the right to a speedy trial; and (4) whether the defendant suffered any prejudice. *Id.*

By the time of trial, Mr. Platek will have waited over 13 months to have his case heard by a jury. *See United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir.) ("A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors."). None of the continuances in Missouri would have been needed if the government proceeded to trial on all charges in California, as all parties and the Court were prepared to do six months ago. (Ex. E; Ex. C at 8, 16-17 (Defense Counsel: "We are ready. We have spent five months thinking about this complaint, and we are ready to go on all of the charges.").) Therefore, all but a few weeks of delay from a short California continuance is attributable to the government.

When the government dismissed the California action and refiled the Missouri action, Mr. Platek lost access to his trial counsel, who could not practice in Missouri. Defense counsel required time to obtain the required approvals from the court in order to appear to represent Mr. Platek at trial, which necessitated the first continuance in this court. The second continuance was necessitated solely by the government shutdown, which prevented Mr. Platek from having any witnesses at trial. The final continuance was requested by the Court in order to resolve the present motion.

19

Throughout the motion practice on the government's requested dismissal of the California case, Mr. Platek asserted his right to a speedy trial. (*See, e.g.*, Ex. C at 5; *Platek*, Case No. 2:25-cr-00061-HDV-1, Dkt. Nos. 34, 43, 56 (C.D. Cal.).) Now with trial counsel re-appointed, he again asserts his speedy trial right in this motion. Finally, as set forth above, Mr. Platek has suffered prejudice from the one-year delay in his right to a speedy trial.

Accordingly, Mr. Platek's right to a speedy trial under the Sixth Amendment was violated because the delay was long, the government was the primary cause of the delay, Mr. Platek promptly and repeatedly asserted his right to a speedy trial, and he demonstrated prejudice as a result of the delay. The Eighth Circuit has said that the only possible remedy for a Sixth Amendment speedy trial violation is dismissal with prejudice. *United States v. Elmardoudi*, 501 F.3d 935, 943 .7 (8th Cir. 2007). Therefore, the Court must dismiss the Missouri action with prejudice.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court grant his motion to dismiss.

Respectfully submitted,

*/s/ Rebecca M. Abel*
**REBECCA M. ABEL**
**(CA No. 298604/MO No. V2333)**
**JAMES S. THREATT**
**(CA No. 325317/MO No. V2332)**
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, CA 90012
(213) 894-2854
Attorneys for Defendant

December 5, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of December 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Rebecca M. Abel*
**REBECCA M. ABEL**