**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:25-cr-03076-RK |
| | ) | |
| | ) | |
| DAVID WILLIAM PLATEK, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant David William Platek's Motion to Dismiss the Indictment. (Doc. 65). The Government has filed its suggestions in opposition (Doc. 80), to which Mr. Platek has filed a reply (Doc. 113). The Motion to Dismiss is now ripe for consideration. For the following reasons, it is recommended that the Motion be DENIED.

**I.      Background**

This matter arises from claims that Mr. Platek threatened to harm the District Attorney of San Luis Obispo County, California, due to his prosecution in a state criminal case that was later dismissed and his subsequent difficulty in finding employment. In December 2024, Mr. Platek allegedly sent multiple text messages to his friend, Daniel Serber, threatening to kill or seriously harm the District Attorney, the District Attorney's family, and other individuals in California. (Doc. 80 at 7-8). On December 23, 2024, the Honorable Pedro V. Castillo, United States Magistrate Judge for the Central District of California, authorized a criminal complaint and issued an arrest warrant for Mr. Platek, charging him with one count of Threat by Interstate Communications, in violation of 18 U.S.C. § 875(c). (*Id.* at 7). At the time most of the messages

were sent, Mr. Platek was in Springfield, Missouri, while the recipient of the messages and the District Attorney were located outside the state. (*Id.*).

On January 2, 2025, Mr. Platek was arrested in Springfield, Missouri, pursuant to an arrest warrant issued by Judge Castillo. (Doc. 80 at 11; *United States v. Platek*, 2:25-cr-00061-HDV-1 [hereinafter "C.D. Cal."] Doc. 7). Five days later, on January 7, 2025, he made his initial appearance in the Western District of Missouri, where the Court ordered him detained and transferred to the Central District of California. (C.D. Cal. Doc. 7).

On January 24, 2025, Mr. Platek appeared in the Central District of California for his initial appearance on the criminal complaint. (C.D. Cal. Doc. 9). Four days later, on January 28, 2025, a federal grand jury in the Central District of California returned an indictment charging him with one count of Threat by Interstate Communication under 18 U.S.C. § 875(c). (Doc. 80 at 12; Doc. 65-2).

The charge stemmed from a December 11, 2024, repost by Mr. Platek of the District Attorney's social media post referencing the Second Amendment. At the time, Mr. Platek had changed his account's profile picture to the Mario Brother's character "Luigi," which authorities alleged referenced Luigi Mangione, an American man charged with the 2024 assassination of UnitedHealthcare CEO Brian Thompson. (Doc. 80 at 12; Doc. 65-2). This was the only communication written by Mr. Platek and directed to the District Attorney while Mr. Platek was present in the Central District of California. (Doc. 80 at 12). The other communications were sent from Mr. Platek to his friend, Mr. Serber, when Mr. Platek was in the Western District of Missouri, and the recipient was not in either Missouri or the Central District of California. (*Id.*).

On February 18, 2025, Mr. Platek had his initial appearance and arraignment on the California indictment and entered a plea of not guilty. (Doc. 80 at 12; C.D. Cal. Doc. 19). Trial

was set for March 2, 2025. (Doc. 80 at 12). On March 11, 2025, pursuant to a joint stipulation by the parties, the court in the Central District of California continued Mr. Platek's trial to June 3, 2025. (Doc. 80 at 12).

On April 25, 2025, an Assistant United States Attorney handling the California case notified Mr. Platek's counsel of the Government's intent to file a motion in limine seeking to admit threatening text messages sent by Mr. Platek that were not included in the indictment and for which venue was not proper in the Central District of California. (Doc. 80 at 12-13). Mr. Platek's counsel indicated they would oppose the motion, after which the Government advised defense counsel that it was considering transferring the case to the Western District of Missouri, where venue for the uncharged text messages would be proper. (*Id.* at 13). The parties had a similar conversation on April 28, 2025, during which defense counsel stated their intention to file a motion challenging venue in the pending case in California. (*Id.*).

On April 30, 2025, the United States Attorney's Office for the Central District of California contacted the U.S. Attorney's Office for the Western District of Missouri to request assistance in bringing charges against Mr. Platek for conduct that occurred within the Western District of Missouri. (*Id.*). The Western District of Missouri agreed, and, on May 1, 2025, filed a criminal complaint charging Mr. Platek with one count of violating 18 U.S.C. § 875(c). (*Id.* at 13-14; Doc. 1). That same day, the California AUSAs moved to dismiss the pending case in the Central District of California without prejudice. (Doc. 80 at 13-14). Also, on May 1, Mr. Platek's counsel informed the California AUSAs that Mr. Platek was willing to waive any challenges to venue so that charges related to the Missouri conduct could instead be prosecuted in the Central District of California. (*Id.* at 14).

On May 14, 2025, a federal grand jury in the Western District of Missouri returned an indictment charging Mr. Platek with four counts of transmitting threats to injure, in violation of 18 U.S.C. § 875(c). (Doc. 8). The Missouri indictment includes a charge stemming from Mr. Platek's December 11, 2024, repost of the District Attorney's statement about the Second Amendment, the sole direct communication between Mr. Platek and the District Attorney, and the only conduct alleged in the California indictment. (*Id.*). In addition, the Missouri indictment charges three other instances of communication between Mr. Platek and Mr. Serber that were not included in the California indictment. (*Id.*).

On May 20, 2025, Mr. Platek filed a motion in the Western District of Missouri seeking to transfer the Missouri case to California. (Doc. 14). On July 14, 2025, this Court issued a Report and Recommendation denying the motion. (Doc. 22). The Report and Recommendation was adopted on August 18, 2025. (Doc. 27).

The Government filed a motion to dismiss the California indictment without prejudice on May 1, 2025. (Doc. 80 at 14; C.D. Cal. Doc. 31). On May 21, 2025, Mr. Platek filed a declaration stating he was waiving any objection to venue and "unambiguously consent[ing] to trial in the Central District of California on all charges contained in the Indictment that was returned in the Western District of Missouri." (Doc. 65-10 at 3; Doc. 80 at 15). On May 27, 2025, the Honorable Hernan D. Vera, United States District Judge for the Central District of California, denied the Government's motion to dismiss the California indictment without prejudice. (Doc. 80 at 16; C.D. Cal. Doc. 46). Judge Vera determined that the Government's decision to charge the defendant in the Western District of Missouri for the same criminal conduct already pursued in the Central District of California amounted to "prosecutorial harassment as it places the defendant at risk of facing charges in one district, only to have the case dismissed and refiled in another." (Doc. 80 at

16; Doc. 65-4 at 3). On June 1, 2025, the Government filed a motion to dismiss the California indictment with prejudice, which the court granted on July 22, 2025. (Doc. 80 at 16; Doc. 65 at 12).

Mr. Platek was arrested in California on the Missouri indictment on July 24, 2025. (Doc. 80 at 17). His initial appearance in Missouri was held on August 25, 2025, and trial was set for October 20, 2025. (Docs. 34, 36). On September 16, 2025, Mr. Platek filed a motion to continue the trial date to December 5, 2025, which the Court granted on the same day. (Docs. 39, 40). On October 30, 2025, the Court granted Mr. Platek's motion to continue the trial date to January 5, 2026. (Docs. 49, 50). On December 2, 2025, Mr. Platek filed a motion to continue the trial setting so that he could file, out of time, a Motion to Suppress Evidence and Motion to Dismiss the Indictment. (Doc. 55). The Court granted the request on the same day and continued the trial to February 9, 2026. (Doc. 56).

On December 6, 2025, Mr. Platek filed the present motion seeking dismissal of the pending indictment, citing the California court's decision to dismiss the indictment with prejudice and asserting violations of his right to a speedy trial. (Doc. 65).

## II. <u>Discussion</u>

Mr. Platek seeks to dismiss the pending indictment, contending that the dismissal of the California indictment requires dismissal of the Missouri indictment and that his rights to a speedy trial under both the Speedy Trial Act and the Sixth Amendment have been violated. (Doc. 65). As explained below, Mr. Platek's arguments fail.

### A. Legal Standard

Rule 48(a) of the Federal Rules of Criminal Procedure states that "The government may, with leave of court, dismiss an indictment, information, or complaint." The rule is intended to

"protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment . . . . over the defendant's objection." *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). "Courts have recognized two circumstances in which the district court may deny [the government] leave to dismiss an indictment: when the defendant objects to the dismissal, and when dismissal is clearly contrary to the manifest public interest." *Jacobo-Zavala*, 241 F.3d at 1012.

The Speedy Trial Act requires that trial begin within seventy days from either the filing of an information or indictment or the date on which the defendant appears before a judicial officer of the court in which such charge is pending, whichever occurs later. 18 U.S.C. § 3161(c)(1). Certain periods of time may be excluded. *See* 18 U.S.C. § 3161(h). "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by the excluded delays of section 3161(h), the information or indictment *shall* be dismissed on motion of the defendant." *United States v. Titlbach*, 339 F.3d 692, 698 (8th Cir. 2003) (quoting *United States v. Blankenship*, 67 F.3d 673, 675 (8th Cir. 1995)).

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "[T]he time under the Sixth Amendment begins to run at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Wolter*, 112 F.4th 567, 571 (8th Cir. 2024) (quotation omitted). The right to a speedy trial is relative and "necessitates a functional analysis of the right in the particular context of the case[.]" *Barker v. Wingo*, 407 U.S. 514, 522 (1972). Courts balance four factors to determine whether an individual's Sixth Amendment right has been infringed: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *Id.* at 530.

**B. The dismissal of the California indictment with prejudice does not necessitate dismissal of the Missouri indictment.**

Mr. Platek contends that Federal Rule of Criminal Procedure 48(a), the Due Process Clause, the law of the case doctrine, collateral estoppel, and res judicata all warrant dismissal of the Missouri indictment in its entirety. (Doc. 65 at 13-21). The Government responds that the indictments involve distinct charges and that the acts of the California court are not binding on this Court. (Doc. 80 at 20-36). The Court recommends that the District Judge find that Federal Rule of Criminal Procedure 48(a), the Due Process Clause, the law of the case doctrine, res judicata, and collateral estoppel do not require dismissal of the indictment.

To begin with, many of Mr. Platek's arguments rest on the theory that the Missouri proceedings are a continuation of those initiated in California. In reality, however, the proceedings in the two districts are distinct and do not constitute a single, continuous prosecution. In *United States v. Holder*, a federal grand jury in South Dakota returned an eleven-count indictment against the defendant and several co-defendants in April 1973. 399 F. Supp. 220, 223 (D.S.D. 1975). The case was transferred to the District of Minnesota in October 1973 after a showing of prejudice against the defendants in South Dakota. *Id.* at 224. In December 1974, another South Dakota grand jury returned a three-count indictment against the defendant and two co-defendants, charging essentially the same offenses as the 1973 indictment, which remained pending in Minnesota. *Id.* In February 1975, the Government moved to dismiss the 1973 indictment, and the motion was granted. *Id.* The original judge who had ordered the transfer later recused himself, and a new judge was assigned to oversee the 1974 indictment. *Id.*

In *Holder*, the defendant argued that the earlier decision transferring venue from South Dakota to Minnesota constituted the law of the case. He argued that the prior ruling should not be overturned by a coordinate judge and that the issue could not be re-litigated under the principle of

collateral estoppel. *Id.* at 225. The defendant further asserted that the 1974 indictment was a "mere continuation of the former proceedings because the charges are essentially the same as some charges contained in the previous indictments and further that the charges arise from the same set of factual events which led to the charges in the earlier indictments." *Id.* at 226.

The court rejected this argument, holding that the prosecution initiated by the 1974 indictment was distinct from the one instituted by the 1973 indictment. *Id.* Dismissal of the 1973 indictment "brought the initial prosecution to an end," while the 1974 superseding indictment commenced a new and independent prosecution. *Id.* Consequently, the doctrines of law of the case, collateral estoppel, and judicial deference to prior rulings by courts of coordinate jurisdiction were deemed inapplicable to the renewed determination of venue. *Id.*

On a co-defendant's appeal, the Eighth Circuit upheld the finding that the 1974 indictment began a new prosecution independent from the 1973 indictment. *United States v. Crow Dog*, 532 F.2d 1182, 1188 (8th Cir. 1976) ("The superseding three-count indictment began an independent prosecution. Venue as to that indictment was properly set in South Dakota, the state and district where the alleged crimes took place. Any prior transfer of venue in a previous indictment had no effect on the subsequent indictment.").

The reasoning in *Holder* and *Crow Dog* provides a useful analogy. In *Holder*, while the defendant's case was still pending in one federal district, another federal district returned a separate indictment charging him with substantially similar crimes. Similarly, in this case, the original indictment against Mr. Platek was returned in California in January 2025. (Doc. 80 at 12; Doc. 65-2). While that indictment was pending, a grand jury in the Western District of Missouri returned an indictment against him for different charges arising out of the same acts. (Doc. 8). In *Holder*, dismissal of the original indictment did not affect the separate indictment filed a year later; it

merely terminated an independent prosecution. *See Holder*, 399 F. Supp. at 223. In July 2025, the California indictment was dismissed with prejudice at the Government's request, bringing that prosecution to a definitive close. *See Holder*, 399 F. Supp. at 226 ("Dismissal of the indictment brought the initial prosecution to an end."); *Crow Dog*, 532 F.2d at 1186 ("[T]hat indictment was dismissed in early 1975 pursuant to Fed. R. Crim. P. 48(a). The effect of this dismissal was to bring that prosecution to an end."). The superseding Missouri indictment began an independent prosecution, even though the charges between the two indictments arise out of the same acts. *See Holder*, 399 F. Supp. at 226 ("The superseding indictment begins an independent prosecution . . . ."); *Crow Dog*, 532 F.2d at 1186 ("The superseding three-count indictment began an independent prosecution."). Since the prosecutions are independent, a ruling by the California court does not influence or affect the Missouri indictment. *See Crow Dog*, 532 F.2d at 1186.

Having determined that the California and Missouri indictments are separate and independent prosecutions, Mr. Platek's arguments to dismiss the Missouri indictment are unavailing.

> 1. *Rule 48(a) of the Federal Rules of Criminal Procedure and the Due Process Clause do not necessitate dismissal.*

The Due Process Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Jeopardy under the Constitution attaches when a jury is empaneled and sworn. *Martinez v. Illinois*, 572 U.S. 833, 839 (2014); *United States v. Peoples*, 360 F.3d 892, 894 (8th Cir. 2004). Jeopardy does not attach when a district court dismisses an indictment prior to trial. *Serfass v. United States*, 420 U.S. 377, 389 (1975); *see United States v. Marion*, 404 U.S. 307, 312 (1971) (holding that where a "motion to dismiss [the indictment] rested on grounds that had nothing to do with guilt or innocence or the truth of the allegations in the indictment" jeopardy had not attached).

Mr. Platek does not argue outright that the Missouri indictment violates his right to be protected from double jeopardy. However, his reference to the Due Process Clause of the Fifth Amendment necessitates a brief discussion of double jeopardy. Mr. Platek has not gone to trial on either the California or Missouri indictment. The United States Supreme Court has rejected the argument that a pretrial dismissal of an indictment is the "functional equivalent of an acquittal on the merits." *Serfass*, 420 U.S. at 392. Therefore, the Missouri indictment does not subject Mr. Platek to double jeopardy, as he has not previously been placed in jeopardy. *See Martinez*, 572 U.S. at 839 (holding that jeopardy attaches for constitutional purposes when a jury is empaneled and sworn).

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "The government may, with leave of court, dismiss an indictment, information, or complaint." The "leave of court" requirement is intended to "protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment . . . ." *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). However, after dismissal of an indictment with or without prejudice, a defendant may still be prosecuted for offenses that are separate and distinct from those charged in the dismissed indictment, even if all charges arose out of the same underlying facts. *United States v. Brown*, 183 F.3d 1306, 1311 (11th Cir. 1999); *United States v. Lozano*, 413 F.3d 879, 882 (8th Cir. 2005) ("It does not matter if the offenses arise from the same underlying facts; it matters only that they require proof of different elements."). The Government may reindict a defendant on the same charges after Rule 48(a) dismissal based on "further development of [its] case." *United States v. Mendenhall*, 597 F.2d 639, 641 (8th Cir. 1979).

Rule 48(a) does not provide a mechanism for this Court to dismiss the indictment on motion of the defendant. *See* Fed. R. Crim. P. 48(a) ("The *government* may, with leave of court, dismiss an indictment, information, or complaint.") (emphasis added). The Government has not made a motion to dismiss the pending Missouri indictment pursuant to Rule 48(a). The Rule does not empower the Court to dismiss a second indictment on the defendant's motion solely because another court has dismissed the first indictment with prejudice. *See United States v. Evans*, No. 22-CR-63 (RCL), 2022 WL 16758553, at *6 (D.D.C. Nov. 8, 2022) ("The Rule itself does not empower the Court to dismiss a second indictment against a defendant on that defendant's motion because another court has denied leave to dismiss the first one without prejudice [to force the government to dismiss with prejudice].").

Mr. Platek's argument, therefore, is that his reindictment violates the purpose of Rule 48(a)'s "leave of court" requirement. (Doc. 65 at 13-14). Mr. Platek's argument rests on the theory that the Missouri indictment is a "refiling" of the charge that was dismissed with prejudice in the California indictment. This argument fails for several reasons.

First, the Missouri indictment is not an impermissible "refiling" of the California indictment. At the time the Western District of Missouri returned its indictment, the California charge remained pending and had not yet been dismissed, let alone dismissed with prejudice. The Missouri indictment was returned two months before the charge in California was dismissed. (Doc. 8; Doc. 65-7). The dismissal of the California indictment in July does not retroactively convert the Missouri indictment returned in May into a refiling of the California indictment.

Second, the four-count Missouri indictment contains different charges from the single-count California indictment, including three additional charges that were not included in the California indictment. (*See* Doc. 8; Doc. 65-2). Each count in the Missouri indictment alleges a

violation of 18 U.S.C. 875(c), stemming from separate communications that Mr. Platek sent on different days during a nine-day period. (*See* Doc. 8). Mr. Platek argues that the Missouri indictment should be dismissed because he has committed a single offense which was dismissed when the California indictment was dismissed. (Doc. 113 at 9). To support this argument, Mr. Platek argues that the Missouri indictment charges overlapping conduct because all communications charged occurred during a nine-day period and arose "from a single impulse." (*Id.*). He cites *United States v. Grimes* to support the contention that the threatening texts he sent in December 2024 arose "from a single impulse." 702 F.3d 460, 468-69 (8th Cir. 2012). In *Grimes*, the Eighth Circuit evaluated the proper unit of prosecution for a statute that criminalized harassing communications via "repeated" phone calls. *Id.* The court held that the defendant could not face separate charges for each harassing phone call made over a six-day period because the statute's "repeated calls" requirement treated such conduct as a single offense. *Id.* at 469 ("[T]he definition of the term 'repeated' undercuts the argument that twenty-six voicemail messages left over three weeks can be separated into six different courses of conduct or impulses."). The difference between *Grimes* and Mr. Platek's case is that Mr. Platek is not charged with a violating a statute which criminalizes a "repeated" course of action. *See* 18 U.S.C. § 875(c). The Eighth Circuit has plainly held that performing the same acts on different days can constitute separate offenses. *See United States v. Ross*, 569 F.3d 821, 823 (8th Cir. 2009) (holding that selling crack cocaine to the same police informant on February 8 and February 11, 2001, were separate offenses); *see also United States v. Two Elk*, 536 F.3d 890, 898-99 (8th Cir. 2008) (holding that individual sex acts within one course of conduct were separate offenses). Other courts have held that the Government may charge each individual threatening communication as a separate offense. *See United States v. Haas*, 37 F.4th 1256, 1262-63 (7th Cir. 2022) (holding that "the allowable unit of prosecution

under 18 U.S.C. § 115 is the individual threat, not some broader scheme or plot to threaten"); *United States v. Miah*, 546 F. Supp. 3d 407, 424 (W.D. Pa. 2021), *aff'd*, No. 22-2983, 2024 WL 4249493 (3d Cir. Sept. 20, 2024), and *aff'd*, 120 F.4th 99 (3d Cir. 2024) (holding that where each count charged a violation of 18 U.S.C. § 875(c) based on distinct threats on different dates, the indictment was not multiplicitous); *United States v. Bradbury*, No. 2:14-cr-71 PS, 2015 WL 3737595, at *7 (N.D. Ind. June 15, 2015) ("The allowable unit of prosecution in threat cases is the threatening communication."); *see also United States v. Abulkadir*, No. 016CR00002KESVLD, 2016 WL 659711, at *4 (D. Minn. Feb. 18, 2016) (noting without deciding that even if the indictment charging defendant with violations of 18 U.S.C. § 875(c) was duplicitous, a jury unanimity instruction could cure the defect, and so dismissal was not appropriate). The additional charges contained in the Missouri indictment allege distinct threats made on different dates that are separate from the California indictment. Therefore, it cannot be said that the Missouri indictment is a "refiling" of the charge dismissed in California.

The California complaint included a description of the conduct which is charged in the Missouri indictment. (*See* Docs. 1, 65-1). Mr. Platek contends that the Central District of California's dismissal of the indictment and the criminal complaint with prejudice precludes the government from re-prosecuting those offenses. (Doc. 113 at 11-12). All of the cases Mr. Platek cites in support of this argument involve dismissals under the Speedy Trial Act due to the Government's failure to file an indictment in a timely manner after obtaining a complaint. The cases specifically applied the language of 18 U.S.C. § 3162(a)(1) to the facts of each case. (*See* Doc. 113 at 12); *United States v. Melendez*, No. 1:05CR23 (NAM), 2005 WL 1388911, at **3-5 (N.D.N.Y. June 10, 2005) (analyzing whether an indictment brought after dismissal of a criminal complaint for Speedy Trial violations was "such charge" as pleaded in "such complaint" so as to

be barred by 18 U.S.C. § 3162(a)(1)); *United States v. Watkins*, 339 F.3d 167, 171-74 (3d Cir. 2003) (analyzing whether prosecution for a substantive offense was barred by 18 U.S.C. § 3162(a)(1) after dismissal of a criminal complaint charging conspiracy due to Speedy Trial violations); *United States v. Derose*, 74 F.3d 1177, 1182-83 (11th Cir. 1996) (addressing whether 18 U.S.C. § 3162(a)(1) barred reindictment after the dismissal of a criminal complaint due to Speedy Trial violations); *United States v. Antonio*, 705 F.2d 1483, 1486 (9th Cir. 1983) (applying the language of 18 U.S.C. § 3162(a)(1) to determine whether the lower court should have dismissed the indictment with or without prejudice). The Central District of California did not dismiss the complaint against Mr. Platek for Speedy Trial violations. (*See* Doc. 65-7). The language of 18 U.S.C. § 3162(a)(1) is inapplicable to Mr. Platek's case at this point in time. These out-of-circuit cases provide no support for dismissal of the Missouri indictment in Mr. Platek's case.

The Central District of California dismissed the California indictment with prejudice pursuant to Rule 48(a) based on its finding that the Government had engaged in prosecutorial harassment and to mitigate the risk of parallel proceedings. (*See* Doc. 65-7). Once the California indictment was dismissed with prejudice, the California proceeding ceased to exist, and with it, the possibility of parallel prosecutions. Rule 48(a) dismissal in one district does not extinguish an already pending independent prosecution in another jurisdiction. *See DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973) (noting that nothing prevents the government from bringing "more than one indictment for the same criminal acts against a single defendant so long as jeopardy has not attached to any one of those indictments").

Mr. Platek cites *United States v. Poindexter* and *United States v. Feldhacker* to support his argument that a charge being dismissed with prejudice immunizes a defendant from prosecution on that charge. (*See* Doc. 65 at 17); *United States Poindexter*, 719 F. Supp. 6, 11 (D.D.C. 1989);

*United States v. Feldhacker*, 849 F.2d 293, 295 (8th Cir. 1988). First, *Poindexter* does not stand for that proposition. In that case, on motion by the government to dismiss the case under Rule 48(a), the District Court for the District of Columbia found that the government's "pick[ing] and choos[ing] among several charges in a single indictment, proceeding to trial on some, and asking to delay until some future, indefinite date, the resolution of others" constituted prosecutorial abuse. 719 F. Supp. at 11. The court therefore decided to dismiss the charges with prejudice. *Id.* Here, the Government has not tried to "pick and choose" among several charges in a single indictment against Mr. Platek on which to proceed to trial and requested that this Court dismiss the others. *See id.* The case does not provide the relief Mr. Platek seeks and, in any case, is not binding authority on this Court.

Next, Mr. Platek cites *Feldhacker* for the proposition that "where, as here, the court has already found that there has been 'prosecutorial abuse,' then a defendant 'obtains immunity from prosecution.'" (Doc. 65 at 17). *Feldhacker* does not provide such a rule. In *Feldhacker*, the defendant was reindicted on the same charges that had been dismissed by the lower court pursuant to Rule 48(a). *Id.* The Eighth Circuit declined to dismiss the newer indictment based on the argument that dismissal of the first indictment prevented any further grand jury investigation. *Id.* The case does not provide that dismissal of a first indictment immunizes a defendant from further prosecution on those charges. Indeed, because the Eighth Circuit upheld the newer indictment, it stands for nearly the opposite. *Feldhacker* does not provide the relief Mr. Platek seeks.

Mr. Platek does not cite any authority, nor has the Court found any, that dictates when one district court in a different judicial district dismisses an indictment with prejudice, another district court in a different circuit is required to exercise its supervisory power to dismiss an independent indictment charging different offenses. The Court therefore recommends that the District Judge

find that neither Federal Rule of Criminal Procedure 48(a) nor the Due Process Clause of the Fifth Amendment provide a basis for dismissing the Missouri indictment.

    *2.   The law of the case doctrine is not applicable.*

    The law of the case doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Parker*, 762 F.3d 801, 806 (8th Cir. 2014) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). It applies "only to issues actually decided, either implicitly or explicitly, in the prior stages of a case." *United States v. Bates*, 614 F.3d 490, 494 (8th Cir. 2010) (quoting *Roth v. Sawyer-Cleator Lumber Co.*, 61 F.3d 599, 602 (8th Cir. 1995)). "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Intervarsity Christian Fellowship/USA v. Univ. of Iowa*, 5 F.4th 855, 865-66 (8th Cir. 2021) (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)).

    The Western District of Missouri is not an inferior tribunal to the Central District of California. The two courts are not in the same judicial district, or even the same circuit. Accordingly, a decision by the Central District of California is not binding on this Court. *Intervarsity Christian Fellowship*, 5 F.4th at 865-66 (quoting *Camreta*, 563 U.S. at 709 n.7). As discussed previously, the prosecution that began with the California indictment came to an end when that indictment was dismissed. *See Holder*, 399 F. Supp. at 226 ("Dismissal of the indictment brought the initial prosecution to an end."); *Crow Dog*, 532 F.2d at 1186 ("[T]hat indictment was dismissed in early 1975 pursuant to Fed. R. Crim. P. 48(a). The effect of this dismissal was to bring that prosecution to an end."). Since the cases and jurisdictions are different, the law of the case doctrine does not apply. *Parker*, 762 F.3d at 806 (holding that the law of the case doctrine

requires a previous decision upon a rule of law "to govern the same issues in subsequent stages *in the same case*") (emphasis added). Consequently, this Court recommends the District Judge find that the law of the case doctrine is inapplicable.

### 3. *Res judicata is not applicable.*

Next, Mr. Platek argues that res judicata requires dismissal of the entire Missouri indictment. (*See* Doc. 65 at 13-21). In criminal proceedings, the doctrine of res judicata "operates to conclude those matters in issue which the *verdict* determined though the offenses be different." *United States v. Turner*, 130 F.3d 815, 819 (8th Cir. 1997) (quoting *Sealfon v. United States*, 332 U.S. 575, 578 (1948)). Res judicata does not apply without a verdict. *See Turner*, 130 F.3d at 819 ("There was no 'verdict' in this case; there was only a mistrial. By its own definition, then, the doctrine of res judicata is inapplicable.").

The Central District of California wrote that its dismissal of the single-count California indictment was "intended to apply as a final determination on the merits for purposes of res judicata to the maximum extent allowable by law." (Doc. 65-7 at 3). However, res judicata "operates to conclude those matters in issue which the *verdict* determined." *Turner*, 130 F.3d at 819. The dismissal of the single-count California indictment is not a verdict or acquittal. The California proceedings were not concluded by a verdict. Therefore, res judicata is inapplicable. *Id.* This Court recommends the District Judge find that res judicata is inapplicable to the Missouri indictment.

### 4. *Collateral estoppel is not applicable.*

Relatedly, "[c]ollateral estoppel 'precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial.'" *United States v. Howe*, 590 F.3d 552, 556 (8th Cir. 2009) (quoting *Yeager v. United States*, 557 U.S. 110, 119 (2009)). Collateral estoppel prohibits the government from relitigating ultimate facts that were decided in the

defendant's favor by a prior acquittal. *Ashe v. Swenson*, 397 U.S. 436, 445-47 (1970). In a criminal case, a fact previously determined "is not an 'ultimate fact' unless it was necessarily determined by the [fact-finder] against the government and, in the second prosecution, that same fact is required to be proved beyond a reasonable doubt in order to convict." *Prince v. Lockhart*, 971 F.2d 118, 123 (8th Cir. 1992). It is a "component of the Double Jeopardy Clause." *Turner*, 130 F.3d at 820 (quoting *Dowling v. United States*, 493 U.S. 342, 348 (1990)).

Collateral estoppel is appropriate when

(1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

*United States v. McManaman*, 673 F.3d 841, 847 (8th Cir. 2012) (citing *Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1044 (8th Cir. 2006)). "The burden of proof is on the defendant to show that the verdict in the first trial necessarily decided the fact or issue sought to be precluded in the second trial." *United States v. Bearden*, 265 F.3d 732, 735 (8th Cir. 2001) (quoting *Dowling*, 493 U.S. at 350)).

Collateral estoppel does not require dismissal of the indictment. The only issue that was fully litigated and resulted in a final adjudication on the merits in California is whether the Government engaged in prosecutorial harassment against Mr. Platek. The Central District of California determined that it had. This is not an "ultimate fact" which must be proved beyond a reasonable doubt in order to convict Mr. Platek on the Missouri indictment. *See Ashe*, 397 U.S. at 444 ("[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."); *Prince*, 971 F.3d at 123 (holding that an "ultimate fact" is one that is determined by the fact-finder against the government and must be proved beyond a reasonable doubt in order to convict in the second

prosecution). Mr. Platek has not been put to trial and has not been acquitted. The case in California was not resolved by a jury's verdict or any finding on the facts underlying the indictment. *See Bearden*, 265 F.3d at 735 ("The burden of proof is on the defendant to show that the *verdict* in the first trial necessarily decided the fact or issue sought to be precluded in the second trial.") (emphasis added). No ultimate facts have been decided either by a jury's acquittal in a prior trial or by a valid and final judgment. *See United States v. O'Conner*, 64 F.3d 355, 360-61 (8th Cir. 1995) (noting that since the defendant's participation in the charged conspiracy had not been determined in the previous proceeding, the government was not barred from litigating that issue). Collateral estoppel does not apply. *See Howe*, 590 F.3d at 556 (noting that collateral estoppel is part of the Double Jeopardy Clause and precludes the government from relitigating issues of ultimate fact necessarily decided by a jury's acquittal).

Mr. Platek contends that collateral estoppel dictates that since the California court found that the Government engaged in prosecutorial misconduct, this Court must find the same. (Doc. 65 at 19). As previously discussed, the California prosecution is separate from the Missouri prosecution. Accordingly, the only issue determined by the Central District of California was that the United States Attorney's Office for the Central District of California had engaged in prosecutorial harassment at that point in time with regard to that particular indictment. *See Crow Dog*, 532 F.2d at 1186. That indictment has been dismissed, and that prosecution has ended.

The Court recommends the District Judge find that collateral estoppel does not require a finding that the Government has engaged in prosecutorial misconduct.

### C. Mr. Platek's Speedy Trial rights have not been violated.

Mr. Platek argues that his right to a speedy trial has been violated because more than 70 days have elapsed since the California indictment was returned against him. (Doc. 65 at 21-24).

The Government argues that the amount of time countable under the Speedy Trial Act does not exceed 70 days. (Doc. 80 at 37-43). This Court recommends the District Judge find that Mr. Platek's rights under the Speedy Trial Act have not been violated.

Mr. Platek was indicted in the Central District of California on January 28, 2025. (Doc. 65-2). His initial appearance on that indictment was on January 29, 2025. (Doc. 80 at 12). Thus, Mr. Platek's Speedy Trial clock started running on January 29, 2025. *See* § 3161(c)(1). Between January 29 through March 6, thirty-six days elapsed on Mr. Platek's trial clock.

The clock continued running until March 6, 2025, when the Government and Mr. Platek filed a joint stipulation for an order regarding discovery. (C.D. Cal. Doc. 21). That stipulation stopped the clock. § 3161(h)(1)(D). The Central District of California ruled on that stipulation on March 10, 2025. (C.D. Cal. Doc. 23); § 3161(h)(1)(D). On the same day, the Government and defendant filed another joint stipulation for an order to continue the trial. (C.D. Cal. Doc. 22). On March 11, the California court granted the Government and defendant's joint request to continue the trial setting, and placed the trial case on the June 3, 2025, docket. (C.D. Cal. Doc. 25). The court noted on the record that "[t]he time period from the date of this Order to June 3, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv)." (*Id.*; Doc. 80 at 41). Therefore, the days between March 10, 2025, through June 3, 2025, are excluded from Mr. Platek's trial clock.

On May 1, 2025, the Government filed a motion to dismiss the indictment in California, which was denied on May 27, 2025. (C.D. Cal. Docs. 31, 46). The period of time from the filing of this motion through its resolution is excluded under § 3161(h)(1)(D). The Government filed its motion to dismiss the indictment with prejudice in California on June 1, 2025, which was granted on July 22, 2025. (C.D. Cal. Docs. 50, 68). The time from the filing of this motion until the

California court granted it and dismissed the California indictment with prejudice is excludable under § 3161(h)(1)(D). Therefore, the time from May 1, 2025, to July 22, 2025, is excluded from Mr. Platek's Speedy Trial clock. The Speedy Trial time accumulated in California amounts to only thirty-six days.

Mr. Platek was indicted in the Western District of Missouri on May 14, 2025. (Doc. 8). Mr. Platek filed a motion to transfer venue on May 20, 2025, pausing the Speedy Trial clock. (Doc. 14); § 3161(h)(1)(D). This Court issued a Report and Recommendation on July 14, 2025, recommending the District Judge deny the motion to transfer venue. (Doc. 22). That Report and Recommendation was adopted by the District Judge on August 18, 2025, and the motion was resolved. (Doc. 27). The time between May 20, 2025, and August 18, 2025, is excluded under the Speedy Trial Act. § 3161(h)(1)(D).

Mr. Platek had to be transported from California to Missouri for his initial appearance. That time is excludable under § 3161(h)(1)(F) if it takes less than ten days. Mr. Platek's motion to transfer venue was denied on August 18, 2025. (Doc. 27). His initial appearance in this Court was just seven days later, on August 25, 2025. (Doc. 36). Those seven days are well within the time permitted to transport the defendant, and they are therefore excluded. § 3161(h)(1)(F). Mr. Platek's initial appearance and arraignment on the Missouri indictment was on August 25, 2025. (Doc. 36). Therefore, the Speedy Trial clock in Missouri began running on August 25, 2025. § 3161(c)(1).

From August 25 until September 15, twenty-one days elapsed. On September 16, 2025, Mr. Platek filed a motion to continue the trial setting, which this Court granted on the same day. (Docs. 39, 40). The case was continued to the December 1, 2025, trial docket, and this Court found that the time between September 16, 2025, and the December 1, 2025, docket would be excluded from the Speedy Trial clock. (Doc. 40); § 3161(h)(7)(A).

On October 30, 2025, Mr. Platek filed another motion to continue, which this Court granted on the same day. (Docs. 49, 50). The case was continued to the January 5, 2026, trial docket, and this Court found that the time between October 30, 2025, and the January 5, 2026, docket would be excluded from the Speedy Trial Clock. (Doc. 50); § 3161(h)(7)(A).

On December 2, 2025, Mr. Platek filed a third motion to continue, which this Court granted on the same day. (Docs. 55, 56). The case was continued to the February 9, 2026, trial docket, and this Court found that the time between December 2, 2025, and the February 9, 2026, trial docket was excludable. (Doc. 56); § 3161(h)(7)(A). On January 16, 2026, the Government moved for a continuance to the August 2026 trial docket. (Doc. 94). Mr. Platek opposed moving the case to August, and the Court entered an order on January 21, 2026, continuing the case to the March 16, 2026, trial docket. (Docs. 100, 101). This Court found that the time between January 21, 2026, and the March 16, 2026, trial docket was excludable. (Doc. 101); § 3161(h)(7)(A). Additionally, the time between January 16, 2026, and the resolution of the Government's motion to continue is excluded pursuant to § 3161(h)(1)(D).

On December 5, 2025, and December 6, 2025, Mr. Platek filed two pretrial motions, pausing the Speedy Trial clock until both are resolved. § 3161(h)(1)(D).

Accordingly, only twenty-one countable days have elapsed under the Speedy Trial Act in Missouri. Because one of the charges brought against Mr. Platek in the Western District of Missouri was the same as the charge brought against him in the Central District of California, the speedy trial clock that began running in California continued running in Missouri as to Count 3 of the Missouri indictment. *See Lozano*, 413 F.3d at 882 (finding that where indictments in two different districts had a charge in common, the speedy trial clock began running in the first district that brought the charge and continued in the second district). However, even when the speedy trial

clocks are combined, only fifty-seven days have elapsed. This is below the seventy-day limit imposed by the statute. The Speedy Trial Act does not require the dismissal of the indictment.

**D. The Sixth Amendment does not require the dismissal of the Missouri indictment.**

Mr. Platek argues that the thirteen-month delay since the grand jury in the Central District of California returned the original indictment violates his Sixth Amendment right. (Doc. 65 at 25-26). The Government argues that Mr. Platek's Sixth Amendment right has not been violated. (Doc. 80 at 44-48). The Court recommends the District Judge find that Mr. Platek's Sixth Amendment right has not been violated.

The Eighth Circuit considers four factors when determining whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of delay; (2) reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. Time under the Sixth Amendment begins to run "at the time of arrest or indictment, whichever comes first, and continues until trial commences." *United States v. Johnson*, 990 F.3d 661, 670 (8th Cir. 2021) (quotation marks and citation omitted).

*1. The first factor, the length of the delay, weighs in Mr. Platek's favor.*

In reviewing this factor, the Court first looks to whether the delay was presumptively prejudicial. *Johnson*, 990 F.3d at 670 (quotation omitted). A delay is presumptively prejudicial if it exceeds one year. *Id*. The Court then considers "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the [Sixth Amendment speedy trial] claim." *Id*. (quoting *United States v. Rodriguez-Valencia*, 753 F.3d 801, 805 (8th Cir. 2014)). This factor weighs in Mr. Platek's favor.

Mr. Platek's Sixth Amendment clock started on his first arrest in California in January of 2025, and his time from arrest to now is a little over 13 months. A delay of more than a year is

presumptively prejudicial. *Johnson*, 990 F.3d at 670. But that delay is not "far beyond the bare minimum needed to trigger judicial examination." *Id.* (internal citations omitted). In *Johnson*, the Eighth Circuit found the defendant's 14-month delay did not violate his Sixth Amendment rights. *Id.* The Eighth Circuit has permitted even longer delays. *United States v. Mallett*, 751 F.3d 907, 914 (8th Cir. 2014) (deciding seventeen months between indictment and trial was not a violation of the Sixth Amendment); *United States v. Jenkins-Watts*, 574 F.3d 950, 966-67 (8th Cir. 2009) (over eighteen months); *United States v. Summage*, 575 F.3d 864, 870, 876 (8th Cir. 2009) (over thirty-two months); *United States v. Aldaco*, 447 F.3d 1008, 1018-19 (8th Cir. 2007) (over forty months). This factor weighs in Mr. Platek's favor in that it triggers judicial examination.

    *2.  The second factor, reasons for the delay, weighs in the Government's favor.*

    The second factor evaluates reasons for the delay. Mr. Platek contends that the delay is attributable to the Government, because "[n]one of the continuances in Missouri would have been needed if the government proceeded to trial on all charges in California, as all parties and the Court were prepared to do six months ago." (Doc. 65 at 25; *see* Doc. 113 at 15-16). The Government argues that it is not responsible for the delay and alleges that Mr. Platek is responsible for it. (Doc. 80 at 46). This factor weighs in the Government's favor.

    "There typically will be no Sixth Amendment violation when the defendant was responsible for most of the delay." *United States v. Lewis*, 146 F.4th 621, 630 (8th Cir. 2025) (quoting *United States v. Flores-Lagonas*, 993 F.3d 550, 563 (8th Cir. 2021)).

    Mr. Platek has filed three motions to continue the trial date in the Western District of Missouri. (Docs. 40, 50, 56). These motions to continue have moved the trial date from the original setting of October 20, 2025, to February 9, 2026. (*See id.*). The Government has requested one continuance, which was granted in part and the trial was moved to March 16, 2026. (Docs.

94, 101). Mr. Platek is responsible for much of the delay in bringing his case to trial. *See Vermont v. Brillon*, 556 U.S. 81, 90 (2009) ("[D]elay caused by the defense weighs against the defendant[.]"); *see also Wolter*, 112 F.4th at 572 (finding the defendant responsible for the delay after he filed multiple motions to continue and requested an evaluation). Additionally, Mr. Platek has caused further delay by filing his Rule 12.2(b) notice out of time and requiring the Government to request a continuance of the trial date in order to protect its position. (Docs. 88, 94, 111). Accordingly, the undersigned recommends that the District Judge find that this factor weighs in the Government's favor.

### 3. *The third factor, the defendant's assertion of the right, weighs in Mr. Platek's favor.*

The third factor is whether the defendant has asserted his right to a speedy trial. The Court weighs "the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection." *Barker*, 407 U.S. at 529. Here, Mr. Platek first indicated a concern about speedy trial during motion practice in the Central District of California in May and June 2025. (C.D. Cal. Docs. 34, 43, 56). Accordingly, the undersigned recommends that the District Judge find that this factor weighs in Mr. Platek's favor.

### 4. *The fourth factor, prejudice to the defendant, weighs in the Government's favor.*

The fourth factor is whether the delay has prejudiced the defendant. Mr. Platek argues that he has suffered prejudice due to the delay. (Doc. 65 at 25-26). The Government argues Mr. Platek has not identified any actual prejudice. (Doc. 80 at 46-48). The Court recommends the District Judge find that the fourth factor weighs in the Government's favor.

In considering this factor, the Court assesses the interests served by the speedy trial right, which are "preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired—with the last being the

most serious." *Wolter*, 112 F.4th at 572 (citing *Barker*, 407 U.S. at 532). Where delay is not attributable to government negligence, a defendant must establish actual or specific prejudice. *See Flores-Lagonas*, 993 F.3d at 565.

In this case, Mr. Platek has not identified how he has suffered any prejudice due to the delay. Although he has been detained pretrial for a total of 13 months, that length of detention is not unusually burdensome or oppressive. *United States v. Williams*, 557 F.3d 943, 950 (8th Cir. 2009) (16-month delay not "unusually burdensome or oppressive" to a defendant). Mr. Platek has not claimed that he has suffered anxiety or concern. Even so, "anxiety and concern of the accused are undoubtedly present to some degree in every case. However, that alone does not establish prejudice where . . . the defendant neither asserts nor shows that the delay weighed particularly heavy on him in specific circumstances." *Morris v. Wyrick*, 516 F.2d 1387, 1391 (8th Cir. 1975). Lastly, Mr. Platek has not argued or offered evidence that the delay "resulted in a loss of evidence or witness testimony, or any impediment to his ability to mount a defense." *United States v. Cooley*, 63 F.4th 1173, 1180 (8th Cir. 2023); *see Summage*, 575 F.3d at 875 (8th Cir. 2009) (finding the defendant was not actually prejudiced by a pre-trial delay because he failed to identify unavailable witnesses, the substance of their testimony, or how their testimony would have changed the outcome of the trial). Accordingly, the Court recommends that the District Judge find Mr. Platek's speculative allegations are insufficient to demonstrate prejudice and that this factor weighs in the Government's favor.

### III.   Conclusion

The Court recommends that the District Judge find Mr. Platek's rights under the Speedy Trial Act and the Sixth Amendment right to a speedy trial were not violated. Additionally, the Court recommends that the District Judge find that Federal Rule of Criminal Procedure 48(a), the

Due Process Clause, the law of the case doctrine, collateral estoppel, and res judicata do not require dismissal of the indictment.

Accordingly, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, DENY Defendant David William Platek's Motion to Dismiss. (Doc. 65).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 11th day of February, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge