IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:25-cr-03076-RK |
| | ) | |
| DAVID WILLIAM PLATEK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Government has filed a motion for continuance of the current trial date in the above-captioned case. (Docs. 111, 125). The Defendant does not object to continuing the case to the April 20, 2026, joint criminal trial docket, but objects to any further continuance. (Doc. 116). The United States Attorneys state the continuance is sought to allow time to obtain an examination of the defendant pursuant to Rule 12.2(c)(1)(B), which is necessary to prepare for trial. The motion for continuance is **granted** as set forth below.

| Date of this Order | February 18, 2026 |
|---|---|
| Current Joint Criminal Trial Docket Date | March 16, 2026 |
| **New Pretrial Conference Date** | **June 9, 2026** |
| **New Joint Criminal Trial Docket Date** | **July 6, 2026** |

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the time within which the trial of any offense must commence, any period of delay that results from a continuance, which serves the end of justice, "granted by a judge on his own motion or at the request of the defendant or his or her counsel or at the request of the attorney for the Government," shall be excluded from computing the time. 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act requires that the Court set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Factors which this Court shall consider in determining whether to grant a continuance include whether the failure to grant such a continuance would be likely to result in a miscarriage

of justice and whether or not the case is so complex that it is unreasonable to expect adequate preparation for trial within the time limit established.

Failure to grant the continuance would deny attorneys for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the continuance serves the ends of justice by permitting the Government adequate time to prepare rebuttal evidence under Rule 12.2(b). The purpose of Rule 12.2 would be hindered if the Government is not given a reasonable amount of time to obtain its own rebuttal evidence. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. The motion for continuance of the current trial date is granted and the case will be reset for trial on the Joint Criminal Jury Trial Docket stated above. The Court in ordering this case removed from the current Joint Criminal Jury Trial Docket is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

Lastly, the Court notes this is the fifth continuance in this matter. The Court previously granted Defendant's request for a continuance on three occasions, (Docs. 40, 50, 56) and the Government's request for a continuance on one (Doc. 101). Counsel are reminded that motions to continue should be used to request a realistic trial date. They are not to be used as a docketing tool. Therefore, absent an exceptional showing of extraordinary circumstances, no further continuances shall be granted.

IT IS ORDERED that the Government's motion for continuance of the current trial date is granted. It is further

ORDERED that Defendant's case is reset for trial on the Joint Criminal Jury Trial Docket as stated above. It is further

ORDERED that a pretrial conference is reset to the date stated above. It is further

ORDERED that the additional period of delay in commencing Defendant's trial caused by this continuance shall be excluded in computing the time within which this trial shall commence under the Speedy Trial Act.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge